# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50257 | **DATE** | 11/6/2002 |
| **CASE TITLE** | STAMM vs. SULLIVAN FOOD CORP. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Sullivan, Miller, and Oppold's motion to dismiss and/or strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Sullivan, Miller, and Oppold's motion to dismiss is denied. The motion to strike the prayer for punitive damages is denied, and the motion to strike the prayer for attorney fees as a separate entity distinct from punitive damages is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | NOV - 6 2002 | 16 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U. S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2002 NOV -9 AM 10:44 | 11-6-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | pw mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Patty Stamm, brings this action against her former employer, defendant Sullivan Foods Corp., and two of its employees, Jack Miller and Jerry Oppold, and against the Village of Stockton, IL, and two of its employees, LaDon Trost, and Chief of Police Doug Wierema. The four-count complaint alleges defamation, malicious prosecution, a violation of Stamm's civil rights under § 1983, and intentional infliction of emotional distress. Originally brought in state court in Jo Daviess County, IL, the action was removed to this court pursuant to 28 U.S.C. §§ 1441, 1446(a) and (b). Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331, and venue is proper as all alleged events occurred within the boundaries of this district. 28 U.S.C. §1391(b). Before the court is Sullivan's, Miller's, and Oppold's motion to dismiss the defamation claim, the malicious prosecution claim, the intentional infliction of emotional distress claim pursuant to FED. R. CIV. P. 12(b)(6), and to strike the prayer for punitive damages and request for attorneys fees pursuant to FED. R. CIV. P.12(f).

When considering a motion to dismiss for failure to state a claim, "a court may dismiss a complaint only if it s clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hinshon v. King & Spalding, 467 U.S. 69 (1984). A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 335 U.S. 41, 47 (1957), cited in Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002). Federal pleading requirements are applicable even when the claim pleaded arises under state law. Muick v. Glenayre Electronics, 280 F.3d 741, 743 (7th Cir. 2002).

The claim for defamation alleges that Miller and Oppold, as employees and agents of Sullivan's, knowingly made and published false allegations to other employees of defendant's Sullivan's and other persons concerning Stamm's discharge, her employment record, and accusing her of gross acts of dishonesty. Compl. ¶10. In the malicious prosecution claim, Stamm alleges the defendants caused a criminal investigation to be commenced against her, the criminal proceedings were terminated in her favor, the proceedings lacked probable cause, the presence of malice, and damages. Swick v. Liautaud, 169 Ill.2d 504 (1996), see also FED. R. CIV. P. 9(b)(Malice, intent, knowledge, and other conditions of mind of a person may be averred generally). In the claim of intentional infliction of mental and emotional distress, Stamm alleges outrageous and extreme conduct on the part of defendants, that the defendants either intended or knew there was a high probability that the conduct would cause severe emotional distress, and that Stamm has suffered severe emotional distress and mental suffering. McGrath v. Fahey, 126 Ill.2d 78 (1988).

Rule 8(a)'s liberal pleading standard is the starting point of a simplified pleading system designed to focus litigation on the merits of a claim. Swierkiewicz, 534 U.S. at 514. Stamm has given defendants fair notice of her claims and the grounds upon which they rest, which is all notice pleading requires. See id. A defendant who believes it needs more information to respond can seek a more definite statement under Rule 12(e). Id. Claims lacking merit may be dealt with through summary judgment. Id. Stamm has set forth claims for defamation, malicious prosecution and intentional infliction of mental and emotional distress sufficient to withstand a Rule 12(b)(6) motion to dismiss.

Additionally, Stamm's allegation of actual malice in the defamation claim is sufficient at this stage to allow her prayer for punitive damages to remain. Lowe Excavating Co. v. International Union of Operating Engineers Local No. 150, 765 N.E.2d 21,34 (Ill. App. Ct. 2002). However, defendants are correct in their interpretation of Illinois law that attorney's fees are not to be included as a separate entity distinct from punitive damages absent statutory authorization. Id.; FED R. CIV. P. 54(d)(2)(A).

For the reasons stated above, Sullivan's, Miller's, and Oppold's motion to dismiss is denied. The motion to strike the prayer for punitive damages is denied, and the motion to strike the prayer for attorney fees as a separate entity distinct from punitive damages is granted.